IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NORTH RIVER BOATS, INC. )
and GULF NATIONAL 8 LLC, )
)
Plaintiffs, ) TC-MD 120413N
)
v. )
)
DOUGLAS COUNTY ASSESSOR, )
and DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendants. ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant Department of Revenue's (department's)

Motion to Dismiss (Motion) on the ground that Plaintiffs' appeal was not timely filed.

Plaintiffs appeal the real market value of properties identified as Accounts R34468 and

R34484 for the 2010-11 and 2011-12 tax years. (Ptfs' Compl at 1.) Plaintiffs' Complaint was

postmarked to this court on April 24, 2012. With their Complaint, Plaintiffs attached an Order of

Dismissal from the Douglas County Board of Property Tax Appeals (board) for Account R34468

dismissing Plaintiffs' petition for the 2011-12 tax year because "the board lacks jurisdiction per

HB 2478." (*Id.* at 2 (emphasis omitted).) Plaintiffs did not attach a board order for Account

R34484 for the 2011-12 tax year and there is no evidence that a petition was filed with the board

for Account R34484 for the 2011-12 tax year. Plaintiffs concede that no petition was filed with

the board for either account for the 2010-11 tax year. (*See* Ptfs' Resp at 2.) Plaintiffs'

Complaint states that the properties appealed are "Industrial." (Ptfs' Compl at 1.)

Plaintiffs provided property tax statements for each account for the 2010-11 and 2011-12

tax years. Account R34484 includes land only. (Ptfs' Ltr at 3-4, May 15, 2012.) The total real

market value of Account R34484 was $58,800 for the 2010-11 tax year and $60,000 for the

2011-12 tax year. (*Id.*) Account R34468 includes both land and improvements. (*Id.* at 5-6.) The improvements value of Account R34468 was $1,171,610 for the 2009-10 tax year, $1,019,540 for the 2010-11 tax year and $1,006,990 for the 2011-12 tax year. (*Id.*) The total real market value of Account R34468 was $1,292,810 for the 2009-10 tax year, $1,137,140 for the 2010-11 tax year and $1,126,990 for the 2011-12 tax years. (*Id.*) "The department mailed a Value Transmittal Sheet [] to North River Boats for the 2010-11 tax year indicating an improvements [real market value] of $1,019,940 for account R34468." (Def's Reply at 6.)

The department moves for dismissal because Plaintiffs did not timely petition the board for the 2010-11 tax year and, although Plaintiffs filed a petition with the board for Account R34468 for the 2011-12 tax year, Plaintiffs were required to file an appeal directly with this court under ORS 305.403(2) and "the time for appeal ran on or around December 31, 2011." (Def's Mot at 2.) Plaintiff North River Boats responds that its appeal should be allowed because "good and sufficient cause" exists under ORS 305.288(3) for its failure to pursue its statutory right of appeal for both the 2010-11 and 2011-12 tax years. (*See* Ptf's Resp at 3.)

A.    *Statutory right of appeal*

Oregon has a structured appeals system for taxpayers to follow when challenging the real market value of their property. For most appeals, the first step is to file a petition with the county board. ORS 309.026(2)[1] (authorizing the board to hear petitions for reductions in assessed value, real market value, and maximum assessed value); ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition the board for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the magistrate

/ / /

_____

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

division if a taxpayer may appeal to the board). Taxpayers are required to file appeals with the appropriate county board by December 31 of the tax year appealed. ORS 309.100(2).

Under ORS 305.403(1), "a taxpayer dissatisfied with the assessed or specially assessed value of land or improvements of a principal or secondary industrial property * * * *may elect* to proceed directly to the tax court." (Emphasis added). In 2011, ORS 305.403(1) was amended to state: "An appeal by a taxpayer dissatisfied with the assessed or specially assessed value of land or improvements of a principal or secondary industrial property *must* be brought in the tax court." (Emphasis added). The 2011 amendments to ORS 305.403 "apply to appeals filed for property tax years beginning on or after July 1, 2011." Or Laws 2011, ch 111, § 4.

" '[P]rincipal industrial property' and 'secondary industrial property' have the meanings given the terms under ORS 306.126 and include those properties appraised by the department for ad valorem property tax purposes." ORS 305.403(6) (2009); ORS 305.403(5) (2011). "Principal industrial property" is defined as "any unit of industrial property having a real market value of the improvements on the assessment roll for the preceding year of more than $5 million." ORS 306.126(1)(a)(A). "Secondary industrial property" is defined as "any unit of industrial property having a real market value of the improvements on the assessment roll for the preceding year of more than $1 million but of $5 million or less." ORS 306.126(1)(a)(B).

Based on Plaintiffs' Complaint, both accounts appealed are industrial. Account R34468 was "secondary industrial property" for both the 2010-11 and 2011-12 tax years because the "real market value of the improvements on the assessment roll for" the 2009-10 and 2010-11 tax years was "more than $1 million but" less than $5 million. ORS 306.126(1)(a)(B). Thus, for the 2010-11 tax year, Plaintiffs were required to appeal Account R34484 to the board and were required to appeal Account R34468 to either the board or this court; the deadline for both appeals

was January 3, 2011.[2]  For the 2011-12 tax year, Plaintiffs were required to appeal Account R34484 to the board and were required to appeal Account R34468 to this court; the deadline for both appeals was January 3, 2012.[3]  Plaintiffs' Complaint was postmarked on April 24, 2012. There is no evidence of any prior appeal to the board except for Plaintiffs' appeal of Account R34468 to the board for the 2011-12 tax year.  Plaintiffs did not timely appeal either account for the 2010-11 tax year.  Plaintiffs did not appeal Account R34484 to the board for the 2011-12 tax year.  Plaintiffs did not timely appeal Account R34468 to this court for the 2011-12 tax year.

B.      *"Good and sufficient cause" under ORS 305.288(3)*

North River Boats appeals under ORS 305.288(3) (2011), which states:

"The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

ORS 305.288(5)(b) (2011) provides the applicable definition of "good and sufficient cause":

"(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

1.      *2010-11 tax year*

John Mitchell (Mitchell) "was appointed the receiver of [North River Boats] by order of the court on April 29, 2009."  (Ptfs' Resp at 3.)  "Prior to the end of 2009, [North River Boats]

---

[2] The court was closed on December 31, 2010; therefore, the statutory deadline was January 3, 2011. ORS 174.120; Tax Court Rule (TCR) 10(A)(1).

[3] December 31, 2011, fell on a Saturday and the following Monday, January 2, 2012, was a holiday. Therefore, the statutory deadline was January 3, 2012.  ORS 174.120; TCR 10(A)(1).

operated out of four real property locations in Douglas County[.]" (*Id.*) "Sometime in December 2009, [North River Boats] relocated most of its equipment and inventory" from one location in Douglas County to another. (*Id.*) Following the sale of one of the four properties, North River Boats "was once again forced to relocate to a different real property location" on or around June 30, 2011. (*Id.* at 4.) For the 2010-11 tax year, North River Boats argues:

> "[North River Boats] was no longer occupying the [accounts at issue] as of January 1, 2010, and had no equipment or machinery on the [accounts at issue], had no legal interest in the [accounts at issue] and had no relationship with the owner of the property, Umpqua Bank and its successor, GN8, LLC. As a result, [North River Boats] was not afforded any notice of the tax bill and had no ability to appeal the tax assessments imposed at that time; yet that assessment established the tax roll for the following year and contributed to the subject matter at issue in this motion and opposition."

(*Id.* at 6.)

The department responds that "changes in ownership and shifting of property are not extraordinary circumstances beyond the control of taxpayer." (Def's Reply at 5, citing *Alpenglow Construction Co. v. Multnomah County Assessor*, TC-MD No 070462B (Oct 4, 2007) ("prioritizing other business affairs does not constitute good and sufficient cause for failing to earlier perfect appeals").) The court agrees. Moving is not an extraordinary event and, even it if was, it is unclear how a move in 2009 and another in 2011 prevented North River Boats from pursuing its statutory right of appeal for the 2010-11 tax year.

North River Boats also suggests that good and sufficient cause exists because it did not receive the 2010-11 property tax statements for the accounts at issue. The Oregon Supreme Court has held that every taxpayer is responsible for knowing their property is taxable:

> "[E]very citizen 'is presumed to have known that his land was taxable, that in due course it would be assessed, a tax levy extended against it, and it would be placed on the tax rolls, that it was his duty to timely pay his taxes, that if he failed to do so, his land would be offered for sale and resale at a time and place specified in the statutes * * *.' "

*Hood River County v. Dabney*, 246 Or 14, 28, 423 P2d 954 (1967) (citation omitted). Property owners are expected to know when they should receive their property tax statements. Failing to receive a property tax statement does not excuse a taxpayer from failing to timely appeal to the county board. *See, e.g., GTB Associates Inc. v. Multnomah County Assessor*, TC-MD No 000096C (Apr 24, 2000); *Ford v. Marion County Assessor*, TC-MD 010059E (Apr 18, 2001); *Nelson v. Lincoln County Assessor*, TC-MD No 040095E (May 5, 2004). Plaintiffs have not demonstrated good and sufficient cause for their failure to time appeal Accounts R34468 and R34484 for the 2010-11 tax year.

2.      *2011-12 tax year*

Plaintiffs did not file a petition with the board for Account R34484 for the 2011-12 tax year and Plaintiffs have not offered an explanation for their failure to timely appeal that account. As a result, Plaintiffs' 2011-12 tax year appeal of Account R34484 must be dismissed.

North River Boats concedes that it "received the tax bill for 2011-2012 that is at issue in this appeal." (Ptf's Resp at 4.) North River Boat notes that the 2011-12 property tax statement included a telephone number for the Douglas County Assessor's (county) office and a statement: "THRU DEC. 15TH YOU MAY REQUEST A VALUE REVIEW BY PRODUCING EVIDENCE THAT YOUR MARKET VALUE IS LESS THAN ABOVE[.]" (*Id.* at 4 (emphasis in original).) In November 2011, Mitchell met with representatives of both the county and the department concerning the real market value of the properties at issue. (*Id.* at 5.) "There was a follow-up meeting between the parties in early December 2011, at the Salem office * * *." (*Id.*) After those meetings, Mitchell "had several conversations" with the county and the department "regarding the assessment, taxing and appeals." (*Id.*) "As a result of these discussions and the

/ / /

notice [North River Boats] received from the [county], an appeal was filed with the [board]."

(*Id.*)

> "At no time prior to this appeal did the [department] representative or the county [] inform [] Mitchell * * * that an appeal would need to be filed with the Magistrate Division given that the [property at issue] was now classified as 'secondary industrial property' under ORS 305.403. [] Absent this notice, there was an implicit understanding between all parties that [North River Boats] would appeal with the [] board."

(*Id.*)

North River Boats asserts that good and sufficient cause exists for its failure to timely pursue it statutory right of appeal with this court because its:

> "[I]nteractions were solely with the county [] and [the department] representative. At no time was [North River Boats] instructed by these state and county tax official during their numerous encounters that the appeal of the [properties at issue] should go directly to the tax court, not the [] board. This omission created misleading conduct by the state that created an implicit understanding by [North River Boats] to maintain an appeal with the [] board."

(*Id.* at 7.) The department responds that "[t]axing official are not obliged to volunteer detailed legal advice regarding appeals[.]" (Def's Reply at 10.)

North River Boats argues that representatives of the county and the department failed to advise it that an appeal should be filed with this court rather than the board and that "omission created misleading conduct by the state * * *." (Ptf's Resp at 7.) The court disagrees. There is no evidence that taxing officials of the county or the department gave "misleading information," either oral or written, concerning Plaintiffs' appeal rights. Plaintiffs' failure to timely pursue their appeal of Account R34468 for the 2011-12 tax year was due to a lack of knowledge, not reliance on misleading information from taxing officials. Plaintiffs have not demonstrated good and sufficient cause for their failure to timely appeal Account R34468 for the 2011-12 tax year.

/ / /

C.      *Conclusion*

After careful consideration, the court concludes that Plaintiffs failed to timely pursue their appeal rights for properties identified as Accounts R34468 and R34484 for the 2010-11 and 2011-12 tax years.  The court finds that Plaintiffs have not identified good and sufficient cause for their failure to timely pursue their appeal rights for the 2010-11 and 2011-12 tax years. Defendant's Motion to Dismiss must therefore be granted.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.

Dated this ____ day of September 2012.

_____
ALLISON R. BOOMER
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on September 18, 2012.  The Court filed and entered this document on September 18, 2012.*